NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF CHRISTOPHER ROSALES; et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NUMBERS SAPHIRE BLUE, a series of RSG Underwriting Managers, LLC,<br><br>Defendant-Appellee. | No.   21-15701<br><br>D.C. No.<br>2:20-cv-00598-KJD-VCF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 8, 2022
Phoenix, Arizona

Before:  O'SCANNLAIN and GRABER, Circuit Judges, and FITZWATER,** District Judge.

The Estate of Christopher Rosales appeals from the district court's order

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Sidney A. Fitzwater, Senior United States District Judge for the Northern District of Texas, sitting by designation.

granting a motion by Certain Underwriters at Lloyds of London to dismiss the Estate's claims arising out of a 2013 claims-made commercial liability insurance policy. The Estate stands in the shoes of policyholder CTD Labs, the manufacturer of a dietary supplement product called "Noxipro" that killed the Estate's decedent, Christopher Rosales. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

The complaint alleges that CTD Labs continued to produce and to distribute the dietary supplement product Noxipro containing a compound called "DMAA" after the Food and Drug Administration "announced that DMAA-containing dietary supplements are illegal . . . ." CTD Labs's product Noxipro was thus "manufactured, sold, handled, or distributed . . . by [CTD Labs] . . . in violation of [a] law, statute, ordinance or regulation of [a] federal, state or municipal government, or agencies thereof." Because the Estate's claim against CTD Labs is "based upon" Noxipro, the claim is excluded from coverage even if the Underwriters received proper notice under the policy. The Estate's first, second, third, fourth, and sixth causes of action all fail because the policy excludes the Estate's claims against CTD Labs.

Most of the Estate's allegations regarding the fifth cause of action, "Insurance Unfair Trade Practices," hinge on coverage excluded under the policy. The remaining allegations merely recite the text of Nevada's Unfair Trade

2

Practices Act. *See* Nev. Rev. Stat. 686A.310. The district court was therefore also correct to dismiss the Estate's fifth cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**AFFIRMED.**